JS 44 (Rev 06/17)    WB    CIVIL COVER SHEET    19-CV-5046

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Dr Nancy Brady

**DEFENDANTS**

Avon Grove School District, Dr M Christopher Marchese, and Bonnie Wolff

**(b)** County of Residence of First Listed Plaintiff    Chester County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Chester County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael D Raffaele, T 610-922-4200
Kershenbaum and Raffaele, LLC.
1230 County Line Road, Bryn Mawr, PA 19010

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U S Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U S Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
First Amendment of the United States Constitution, 42 U S C §§1983 and 1988, as amended
Brief description of cause
Defendants deprived Plaintiff of her right to freedom of speech under the First Amendment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

DEMAND $    1 00

CHECK YES only if demanded in complaint
JURY DEMAND:    ☐ Yes    ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*    JUDGE ___    DOCKET NUMBER ___

**OCT 28 2019**

DATE
10/28/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ___    AMOUNT ___    APPLYING IFP ___    JUDGE ___    MAG JUDGE ___

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Dr. Nancy Brady | : | CIVIL ACTION |
| v. | : | |
| Avon Grove School District, Dr. M. | : | |
| Christopher Marchese, Bonnie Wolff | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security   Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration   Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos   Cases involving claims for personal injury or property damage from exposure to asbestos ( )

(e) Special Management   Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management   Cases that do not fall into any one of the other tracks. ( x )

| | | |
|---|---|---|
| 28 October 2019 | | Plaintiff Dr. Nancy Brady |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-922-4200 | 610-646-0888 | Michael@MyKidsLawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 28 2019



UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19CV5046

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff ___ ___ 22 Beechwood Drive, Landenberg, PA 19350

Address of Defendant 375 South Jennersville Road, West Grove, PA 19390

Place of Accident, Incident or Transaction ___ Avon Grove School District ___ ___

---

**RELATED CASE, IF ANY:**

Case Number ___ ___ Judge ___ ___ Date Terminated ___

Civil cases are deemed related when *Yes* is answered to any of the following questions

1  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is ' ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE 10/25/2019

Attorney-at-Law / Pro Se Plaintiff

91615

Attorney I D # *(if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.  Federal Question Cases·**

- ☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2  FELA
- ☐ 3  Jones Act-Personal Injury
- ☐ 4  Antitrust
- ☑ 5  Patent
- ☐ 6  Labor-Management Relations
- ☑ 7  Civil Rights
- ☐ 8  Habeas Corpus
- ☐ 9  Securities Act(s) Cases
- ☐ 10  Social Security Review Cases
- ☐ 11  All other Federal Question Cases *(Please specify)*

**B.  Diversity Jurisdiction Cases**

- ☐ 1  Insurance Contract and Other Contracts
- ☐ 2  Airplane Personal Injury
- ☐ 3  Assault, Defamation
- ☐ 4  Marine Personal Injury
- ☐ 5  Motor Vehicle Personal Injury
- ☐ 6  Other Personal Injury *(Please specify)*
- ☐ 7  Products Liability
- ☐ 8  Products Liability · Asbestos
- ☐ 9  All other Diversity Cases *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, **Michael D. Raffaele** , counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☑ Relief other than monetary damages is sought.

OCT 28 2019

DATE 10/28/2019

Attorney at Law / Pro Se Plaintiff

91615

Attorney I D # *(if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

CIV 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DR. NANCY BRADY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AVON GROVE SCHOOL DISTRICT, ) | CASE NO. 19 cv 5046 |
| ) | |
| DR. M. CHRISTOPHER MARCHESE, in his ) | |
| Individual capacity, and ) | |
| ) | |
| BONNIE WOLFF, in her individual capacity, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff Nancy Brady brings this civil action under Federal law seeking compensatory damages and affirmative relief against Defendants Avon Grove School District, Dr. M. Christopher Marchese, and Bonnie Wolff. As set forth in detail below, Defendants intentionally deprived Plaintiff of her right to freedom of speech under the First Amendment to the United States Constitution.

### JURISDICTION AND VENUE

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. This case arises under the First Amendment of the United States Constitution, as made applicable to the states by the Fourteenth Amendment, and the laws of the United States, specifically, 42 U.S.C. §§1983 and 1988, as amended.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The events and omissions complained of herein occurred within the jurisdiction of this Court and, on information and belief, Defendants all reside in this district.

## PARTIES

3. Plaintiff Nancy Brady ("Dr. Brady") is a resident and taxpayer in the Avon Grove School District, which is located in Chester County, PA. Plaintiff lives in Landenberg, PA.

4. Defendant Avon Grove School District ("District") is a political subdivision of the Commonwealth of Pennsylvania. Its administrative offices are located at 375 South Jennersville Road, West Grove, PA 19390. As a local municipal government body, the District is a "person" subject to suit within the meaning of 42 U.S.C. § 1983. Defendant District is also a recipient of federal financial assistance.

5. Defendant Dr. M. Christopher Marchese is the Superintendent of Avon Grove School District. He is the non-voting tenth member of the Avon Grove School Board.

6. Defendant Bonnie Wolff is a voting, elected official of the Avon Grove School Board.

## FACTUAL BACKGROUND

7. Dr. Brady is the parent of a student in the Avon Grove School District.

8. In 2018, Dr. Brady was accompanied by an education law attorney at a meeting with the District concerning accommodations and/or specially designed instruction for her child. She engaged counsel to help explain and review the documents presented by the District.

9. Dr. Brady was not engaged in litigation with the District at that time.

10. On February 5, 2019, Dr. Brady attended a Public Participation Board Meeting open to the public.

11. The purpose of the Board Meeting was to hold an open forum to discuss comments of residents and taxpayers of the District.

12. During the committee meeting, the discussion included comments regarding the successful integration of new families and students into the District community. Dr. Brady has personal experience as a parent of transfer students that she believed was valuable to the Board's discussion.

13. A board member, Mr. Wood, requested feedback from families regarding what leads families to enroll in the District or, in the alternative, what causes families to leave the District.

14. Another board member, Mr. Dumont, discussed Virtual Academy and how it may become the preferred mode of learning for students who learn "differently."

15. The Committee then invited public comments.

2

16. Code 903 of the Avon Grove School District's Local Board's Policy Manual states "[t]he Board recognizes the value to school governance of public comment on educational issues and the importance of involving members of the public in Board meetings." *Policy Manual*, Section 900 Community, Code 903, https://go.boarddocs.com/pa/avongrove/Board.nsf/Public?open&id=policies#.

17. At each "Public Participation Board Meeting" the Policy Manual promises that "[t]he Board will provide a period for public participation at each advertised regular or special meeting of the Board, to comment on matters of concern, official action or deliberation which are or may be before the Board prior to taking official action." *Id.*

18. Pursuant to its Policy Manual, the presiding officer may "[i]nterrupt or terminate a participant's statement" only "when the statement is too lengthy, personally directed, abusive, obscene, or irrelevant." *Id.*

19. Dr. Brady attempted to make a public comment on a topic being discussed, like other participants at the Board Meeting.

20. Her intended statement was brief, relevant, respectful, and directed at questions of policy and procedure. She behaved with appropriate decorum throughout.

21. Shortly after Dr. Brady stood to begin her statement, Defendant Wolff, at the behest of Defendant Marchese, prohibited Dr. Brady from speaking, unlike other participants at the Board Meeting, because of her "pending litigation" against the District.

22. At that time, Dr. Brady had no litigation pending against the District.

23. Members of the Board, including Defendants Wolff and Marchese, refused to allow Dr. Brady, and only Dr. Brady, to make a public comment to her School Board during a public meeting, in a public forum, where the Board was encouraging participation from those in attendance and was required to take public comment.

## CLAIMS

### COUNT I: VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH
(Against Avon Grove School District)

24. Plaintiff incorporates the allegations contained in paragraphs 1 - 22, above, as if set forth fully herein.

25. As set forth in detail above, Dr. Brady complied with the policies of the District, but was prohibited from speaking at the Public Participation Board Meeting.

26. The District's prohibition of Dr. Brady's speech directly caused the deprivation of Dr. Brady's First Amendment right to free speech.

3

**WHEREFORE**, Plaintiff requests the following relief:

a. Declare unconstitutional the District's actions, custom, or practice of depriving residents and taxpayers of the District of their First Amendment right to free speech;

b. Award compensatory damages for the emotional distress, and mental anguish Plaintiff suffered as a result of Defendant's violation of her First Amendment rights in the amount of $1.00;

c. Order the District to publicly affirm the rights of Avon Grove citizens to exercise their First Amendment rights at School Board meetings;

d. Order the District to implement policies to protect the First Amendment Rights of parents and guardians of students engaged in special education communications and/or litigation with the District and institute trainings;

e. Award Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

f. Grant such other relief as the Court deems necessary and appropriate.

## COUNT II: VIOLATION OF PLAINTIFF'S RIGHT TO FREE SPEECH
(Against Defendants Marchese and Wolff)

27. Plaintiff incorporates the allegations contained in paragraphs 1 - 25, above, as if set forth fully herein.

28. While acting under color of state law, Defendants Marchese and Wolff prohibited Dr. Brady from engaging in protected speech in a public forum, despite clearly established case law that the speech in which Dr. Brady was engaged was constitutionally protected.

29. Defendants Marchese and Wolff knew that prohibiting Dr. Brady from engaging in protected speech was a violation of her clearly-established, federally protected right to free speech.

30. Defendants Marchese and Wolff were motivated to knowingly violate Dr. Brady's clearly-established right to free speech because of her assertion of her rights under Federal and Pennsylvania laws related to the education of students. Because of that, Defendants decided Dr. Brady was less deserving of free speech than the attendees of the meeting not believed to be engaged in litigation against the District.

31. Defendants, who were aware of clearly-established law about First Amendment protection for citizen speech to school district officials addressing matters of public concern in a

4



public meeting, thus acted maliciously, intentionally, wantonly, or with reckless indifference to Dr. Brady's First Amendment right to free speech.

**WHEREFORE**, Plaintiff requests the following relief:

a.  Declare unconstitutional Defendants Marchese and Wolff's actions, custom, or practice of depriving residents and taxpayers of the District of their First Amendment right to free speech;

b.  Award compensatory damages for the emotional distress, and mental anguish Plaintiff suffered as a result of Defendants Marchese and Wolff's violation of her First Amendment rights in the amount of $1.00;

c.  Order Defendants to publicly affirm the rights of Avon Grove citizens to exercise their First Amendment rights at School Board meetings;

d.  Award Plaintiff attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

e.  Grant such other relief as the Court deems necessary and appropriate.

Dated: 28 October 2019                          Respectfully submitted,

Michael D. Raffaele
Kershenbaum & Raffaele, LLC
1230 County Line Road
Bryn Mawr, PA 19010
(610) 922-4200
(610) 646-0888 [fax]
Michael@MyKidsLawyer.com

*Counsel for Plaintiff*

5